ALLEN, Acting Chief Judge.
Appellant, Gulf Life Insurance Company, plaintiff below, appeals from a final order of the trial court dismissing its complaint against the appellees, defendants below.
The appellant brought a mortgage foreclosure suit and the appellees moved to dismiss the complaint on the affirmative defense of payment. The motion was granted.
Appellant contends that the appellees failed to make the periodic payments when due even though appellees made prepayments in amounts greater than the periodic payments. The record reveals that the ap-pellees were ahead of the schedule of payments. The mortgage agreement provided for prepayments.
The appellant has presented the following question on appeal:
“Did the court err in holding that where there have been prepayments made by the mortgagors in an amount equal to or greater than the sums that would have been due on future periodic payments, and when ‘the failure to make periodic payments when due’ is the sole basis alleged in the complaint, as justification for acceleration, no right of acceleration exists.”
We must answer this question in the negative holding that the court did not err in its ruling and we therefore affirm the order of the lower court.
The record shows that the trial judge, after oral arguments, required the attorneys to file briefs supporting their respective positions before he ruled in the case. The trial judge in deciding that the right of acceleration did not exist under the facts of this case wrote a very good opinion in support of his decision, which we adopt as the opinion of this court.
“The Court has received and read the written briefs submitted, and after due consideration, the Court is of the opinion that, since there appeals to be little law in the State of Florida or in the United States (Defendants’ attorneys cited one case outside the State of Florida and one case in the State of Florida and the Plaintiff’s attorney quoted no cases) on the precise point of whether or not a mortgagee may foreclose its mortgage when prepayment (in an amount greater than the amount that would have been due on the total periodic installments through the date of the filing of the Complaint) had been made prior to the alleged default; this Court feels that an opinion is in order, as a guide for any future litigation on this point.
“The pertinent facts appearing on the face of the Complaint and the attached exhibits are as follows:
“1. That the promissory note in question gave the mortgagors the option to prepay on principal;
2. That prepayments, in the amount of SEVEN THOUSAND ONE HUNDRED TWENTY-SIX AND Wioo ($7,-126.43) DOLLARS, had been made by the mortgagors (or by someone in their behalf) to the mortgagee, prior to the alleged default;
3. The mortgagee credited said prepayments to the account of the mortgagors;
4. The promissory note gave the mortgagors the ‘option’ to make, without penalty, payments of $100.00 or multiples thereof, not to exceed 15% of the original sum of the note during the life of the mortgage.
5. The prepayment appears not to have been made in multiples of $100.00;
6. There does not appear, on the face of the pleadings and attachments, any *470 requirement on the part of the mortgagors to make any prepayment;
7. The amount of the prepayment amounted to more than sixteen (16) monthly installments of $440.00 per month, as called for in the promissory note;
8. The mortgagee bargained for monthly payments of $440.00, including principal and interest;
9. The alleged default took place July 1, 1967, (less than six months prior to the filing of the Complaint) ; and,
10. Less than sixteen (16) months have passed since the alleged default to date.
 “It is true that the parties may contract and determine, by agreement, what shall constitute a default for the purpose of acceleration and foreclosure. However, where there is the privilege of prepayment given; prepayment is made by the mortgagor and accepted by the mortgagee in an amount different to the specific provisions limiting such prepayment; and where the total sum of those prepayments exceeds any sums that would be due under the agreed monthly installments; a court of equity will not allow an acceleration and a mortgage foreclosure where the Complaint alleges that the failure to pay monthly installments, when due, is the sole reason for the acceleration and foreclosure. This decision is not only supported in the age old maxim ‘He who seeks equity, must do equity,’ but such conclusion is supported by the decision of the Supreme Court of the State of Florida in the case of Cullison vs. Dees, 90 So.2d 620, (a case originally decided in this circuit).
“In the Dees case, the Supreme Court reversed the late T. G. Futch, Circuit Judge, and stated (on page 623) :
“ ‘In view of our decision that the transaction above described constituted payment on the Cullison note in the amount of $1,950.00, which is equal to thirteen payments of $150J30 each, it follows that the Cullisons were not in default and no right of foreclosure existed.’ (italics supplied)
“The above decision was based on the fact that a sum of money equal to thirteen (13) payments was paid on the note in question prior to the alleged default. On page 621 of the Dees case, the Supreme Court found:
“ ‘ * * * Cullisons had prior to that time paid to McNeal $1,950.00 to apply on the Cullison note; * * * ’
“It is interesting to note that our Supreme Court cited no authority for its holding, but based on the facts in that case found that, as a matter of law, the Cullisons were not in default and that no right of foreclosure existed.
“It is not the intent of this Court to state that prepayments made as a requirement must be taken into' consideration when determining whether or not a mortgagor is in default; nor does this Court intend to rule that there would not be a default, acceleration, and a right of foreclosure if there were breaches or defaults on the part of the mortgagors as to other pertinent covenants of the note and/or mortgage.
“This Court does hold, however, that where there have been prepayments made by the mortgagors, in an amount equal to or greater than the sums that would have been due on future periodic payments, and when ‘the failure to make periodic payments, when due’ is the sole basis alleged in the Complaint, by the mortgagees, as justification for acceleration and foreclosure, in a court of equity, no right of acceleration or foreclosure actually exists in favor of such mortgagee.
“This Court recognizes the fact that payment is an affirmative defense, but it also recognizes that Rule 1.110(d) *471 of the Florida Rules of Civil Procedure reads, in part:
“ ‘Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense * * * ’.
“WHEREFORE, IT IS ORDERED that the Complaint in this cause be, and the same is hereby dismissed, without prejudice to the Plaintiff to bring another suit to foreclose its mortgage against these Defendants, provided such suit is not inconsistent with the Order and Opinion of this Court.”
We conclude, as did the trial judge, that acceleration should not be permitted under the factual situation of this case.
Affirmed.
PIERCE and MANN, JJ., concur.