ANSTEAD, Judge.
This is an appeal from a final judgment granting foreclosure of a purchase money mortgage. We affirm.
On March 1,1978, the appellant, C. Thomas Charnock, executed a promissory note in favor of the appellee, John C. Dieleman, in the amount of $35,000.00 plus interest. This note was secured by a purchase money mortgage. The terms of the note provide that the mortgagor “shall have the right to prepay all or part of the principal at any time or times with interest to date of payment without penalty,” and that “[t]he principal... together with interest, shall be payable [in] five annual installments of $7,000.00 PLUS accrued interest... [commencing] one year from date of execution of the note and continuing on said date each year thereafter until fully paid.”
Six months before the first payment was due Charnock made a prepayment of $24,-999.75 in principal plus $1,572.60 in interest. However, for two years thereafter Char-nock failed to pay the projected annual installments. Thereafter, John C. Diele-man, the mortgagee and holder of the note, filed a mortgage foreclosure action, asserting a right to accelerate payment of the balance as a result of the mortgagor's fail *759 ure to make the required periodic payments. Charnock claimed that no periodic payments were due under the provisions of the note since his prepayment exceeded the amount that was due under the first two periodic payments. The trial court rejected this defense and entered a final judgment of foreclosure in favor of Dieleman.
Charnock contends that the final judgment effectively enforces a prepayment penalty contrary to the provisions of the instrument. We cannot agree. To construe the prepayment provision as constituting a penalty unless it is applied to the required periodic payments would, in our view, render meaningless the provision establishing Chamock’s “continuing” obligation to pay annual installments until the entire amount due was “fully paid.” We believe the trial court acted correctly in construing the prepayment provision as meaning merely that any prepayment of monies due would not, contrary to the possible practice in such situations, require appellant to pay any additional interest or otherwise incur an obligation to pay a penalty for the right to pay the principal amount due in advance of the schedule provided in the note. Charnock incurred no such penalty as a result of his prepayment, and indeed derived the benefit of reducing the amount of interest due on the outstanding principal. It was only after he twice failed to honor his “continuing” obligation to pay annual installments until the entire amount due was “fully paid” that the trial court found him in default. We do not believe that the trial court erred in ruling that the prepayment provision was not designed to permit him to avoid the obligation to make periodic payments until the obligation was paid in full. Zerkel v. Lindsey, 270 Or. 517, 528 P.2d 1041 (1974); Smith v. Renz, 122 Cal.App.2d 535, 265 P.2d 160 (1954).
We acknowledge that our decision appears at first glance to conflict with the decision of the Second District Court of Appeal in Gulf Life Ins. Co. v. Pringle, 216 So.2d 468 (Fla. 2d DCA 1968). However, we do not find Pringle persuasive on the facts involved herein. See generally Guynn v. Brentmoore Farms, Inc., 253 So.2d 136 (Fla. 1st DCA 1971). The Pringle case is distinguishable on the facts because the stated amount of the periodic payments involved therein included principal and interest. Here the stated amount of the periodic payments, $7,000.00, was solely for principal. An additional periodic payment of interest was also to be paid, the amount of which would vary depending on the balance due on the principal. There was also a limited provision for prepayment in the Pringle note, and apparently the prepayments actually made were not made in accord with those provisions. On these facts the trial court found, as a matter of fact, that the prepayments made were actually advance payments of the periodic payments. Here, the advance payment was made in compliance with the terms of the note and the trial court has concluded that this payment was not an advance payment of the obligation to make periodic payments of principal and interest.
Accordingly, for the reasons set out above, we affirm the judgment of the trial court.
LETTS, C.J., and HERSEY, J., concur.